Shaun Setareh (SBN 204514)
Thomas Segal (SBN 222791)
Farrah Grant (SBN 293898)
**SETAREH LAW GROUP**
420 N. Camden Dr., Suite 100
Beverly Hills, California 90210
Telephone (310) 888-7771
Facsimile (310) 888-0109
Email: calendar@setarehlaw.com; shaun@setarehlaw.com
Email: thomas@setarehlaw.com
Email: farrah@setarehlaw.com

Attorneys for Plaintiffs
RASHAD LAKESHORE, DANIEL SHERMAN, and JOHN WOODLEY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

RASHAD LAKESHORE, DANIEL SHERMAN, and JOHN WOODLEY, on behalf of themselves and all other current and former non-exempt employees, and the general public,

*Plaintiffs*,

v.

MCLANE FOODSERVICE DISTRIBUTION, INC., a North Carolina Stock Corporation; MCLANE/SUNEAST, INC., a Texas Stock Corporation; MCLANE COMPANY, INC., a Texas Stock Corporation; MCLANE BEVERAGE DISTRIBUTION, INC., a Texas Stock Corporation; MCLANE FOODSERVICE, INC., a Texas Stock Corporation; MCLANE INTERSTATE WAREHOUSE, INC., a Texas Stock Corporation; MCLANE/WESTERN, INC., a Colorado Stock Corporation; and DOES 1 through 50, inclusive,

*Defendants*.

Case No. 5:26-cv-04128-PA-CTS

**CLASS AND REPRESENTATIVE ACTION**

**FIRST AMENDED COMPLAINT**

1. Failure to Pay Hourly Wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1 and 1198);
2. Failure to Indemnify (Lab. Code § 2802);
3. Failure to Provide Accurate Written Wage Statements (Lab. Code §§ 226(a));
4. Failure to Timely Pay All Final Wages (Lab. Code §§ 201, 202 and 203);
5. Unfair Competition (Bus. & Prof. Code §§ 17200 *et seq.*);
6. Civil Penalties (Lab. Code § 2698, *et seq.*)

**JURY TRIAL DEMANDED**

Plaintiffs RASHAD LAKESHORE, DANIEL SHERMAN, and JOHN WOODLEY ("Plaintiffs"), on behalf of themselves and all other current and former non-exempt employees, and the general public, complain and allege as follows:

**INTRODUCTION**

1. Plaintiffs bring this action against defendants MCLANE FOODSERVICE DISTRIBUTION, INC., a North Carolina Stock Corporation; MCLANE/SUNEAST, INC., a Texas Stock Corporation; MCLANE COMPANY, INC., a Texas Stock Corporation; MCLANE BEVERAGE DISTRIBUTION, INC., a Texas Stock Corporation; MCLANE FOODSERVICE, INC., a Texas Stock Corporation; MCLANE INTERSTATE WAREHOUSE, INC., a Texas Stock Corporation; MCLANE/WESTERN, INC., a Colorado Stock Corporation; and DOES 1 through 50, inclusive, (collectively referred to as "Defendants") for alleged violations of the Labor Code. As set forth below, Plaintiffs allege that Defendants have

(1) failed to pay them at least minimum wage for all hours worked;

(2) failed to pay them overtime wages at the correct rate;

(3) failed to reimburse them for all necessary business expenses;

(4) failed to provide them with accurate written wage statements; and

(5) failed to pay them all of their final wages following separation of employment.

Based on these alleged violations, Plaintiffs now bring this action to recover unpaid wages, restitution, civil and statutory penalties, and related relief on behalf of themselves and all others similarly situated, all other aggrieved employees, and the State of California.

**JURISDICTION AND VENUE**

2. Defendants assert that this Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because (a) this is a class action as defined by 28 U.S.C. § 1332(d)(1)(B); (b) the proposed classes each consist of at least 100 members, as required by 28 U.S.C. § 1332(d)(5)(B); (c) at least one member of the proposed classes is a citizen of a State different from at least one Defendant, as required by 28 U.S.C. § 1332(d)(2)(A); and (d) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(d)(2) and (d)(6).

3. Venue is proper in the Central District of California under 28 U.S.C. section 1391(b)(2) and (c) because a substantial part of the events and omissions giving rise to the claims alleged in this complaint occurred in this District.

**PARTIES**

4. Plaintiff RASHAD LAKESHORE is and was, and at all relevant times mentioned herein, an individual residing in the State of California.

5. Plaintiff DANIEL SHERMAN is and was, and at all relevant times mentioned herein, an individual residing in the State of California.

6. Plaintiff JOHN WOODLEY is and was, and at all relevant times mentioned herein, an individual residing in the State of California.

7. Plaintiffs are informed and believe, and thereupon allege that Defendant MCLANE FOODSERVICE DISTRIBUTION, INC., a North Carolina Stock Corporation, is a California corporation doing business in the state of California.

8. Plaintiffs are informed and believe, and thereupon allege that Defendant MCLANE/SUNEAST, INC., a Texas Stock Corporation, is a California corporation doing business in the state of California.

9. Plaintiffs are informed and believe, and thereupon allege that Defendant MCLANE COMPANY, INC., a Texas Stock Corporation, is a California corporation doing business in the state of California.

10. Plaintiffs are informed and believe, and thereupon allege that Defendant MCLANE BEVERAGE DISTRIBUTION, INC., a Texas Stock Corporation, is a California corporation doing business in the state of California.

11. Plaintiffs are informed and believe, and thereupon allege that Defendant MCLANE FOODSERVICE, INC., a Texas Stock Corporation, is a California corporation doing business in the state of California.

12. Plaintiffs are informed and believe, and thereupon allege that Defendant MCLANE INTERSTATE WAREHOUSE, INC., a Texas Stock Corporation, is a California corporation doing business in the state of California.

13. Plaintiffs are informed and believe, and thereupon allege that Defendant MCLANE/WESTERN, INC., a Colorado Stock Corporation, is a California corporation doing business in the state of California.

14. Plaintiffs are ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 50, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs will amend this Complaint to allege the true names and capacities of the DOE defendants when ascertained. Plaintiffs are informed and believe, and thereupon allege, that each of the fictitiously named defendants are responsible in some manner for the occurrences, acts and omissions alleged herein and that Plaintiffs' alleged damages were proximately caused by these defendants, and each of them. Plaintiffs will amend this complaint to allege both the true names and capacities of the DOE defendants when ascertained.

15. Plaintiffs is informed and believe, and thereupon allege that, at all relevant times mentioned herein, some or all of the defendants were the representatives, agents, employees, partners, directors, associates, joint venturers, joint employers, principals, or co-participants of some or all of the other defendants, and, in doing the things alleged herein, were acting within the course and scope of such relationship and with the full knowledge, consent, and ratification by such other defendants.

## CLASS ALLEGATIONS

16. This action has been brought and may be maintained as a class action pursuant to Federal Rules of Civil Procedure 23 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiffs are unaware of any difficulties likely to be encountered in managing this case as a class action.

17. **Relevant Time Period**: The relevant time period is defined as the time period beginning four years prior to the filing of this action until judgment is entered.

> **Hourly Employee Class**: All persons employed by Defendants whether directly or indirectly through any staffing agencies and/or any other third parties in hourly or non-exempt positions in California during the **Relevant Time Period**.
>
> > **Wage Statement Penalties Sub-Class**: All **Hourly Employee Class** members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is

entered.

**Waiting Time Penalties Sub-Class**: All **Hourly Employee Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

**UCL Class**: All **Hourly Employee Class** members employed by Defendants in California during the **Relevant Time Period**.

**Expense Reimbursement Class:** All persons employed by Defendants in California who incurred business expenses during the **Relevant Time Period**.

18. **Reservation of Rights**: Pursuant to Federal Rules of Civil Procedure 23, Plaintiffs reserve the right to amend or modify the class definitions with greater specificity by further division into sub-classes and/or by limitation to particular issues.

19. **Numerosity**: The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiffs do not currently know the exact number of class members, Plaintiffs are informed and believe, and thereupon allege, that the actual number exceeds the minimum required for numerosity under California law.

20. **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions that affect only individual class members. These common questions include, but are not limited to:

i. Whether Defendants failed to pay minimum and/or overtime wages to class members for all time worked;

ii. Whether Defendants failed to reimburse class members for all necessary business expenses incurred during the discharge of their duties;

iii. Whether Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and total hours worked;

iv. Whether Defendants applied policies or practices that result in late and/or incomplete final wage payments;

v. Whether Defendants are liable to class members for waiting time penalties under

Labor Code section 203;

vi. Whether class members are entitled to restitution of money or property that Defendants may have acquired from them through unfair competition;

21. **Typicality:** Plaintiffs' claims are typical of the other class members' claims. Plaintiffs are informed and believe, and thereupon alleges, that Defendants have a policy or practice of failing to comply with the Labor Code and Business and Professions Code as alleged in this Complaint.

22. **Adequacy of Class Representative:** Plaintiffs are adequate class representatives in that they have no interests that are adverse to or otherwise conflict with the interests of absent class members and are dedicated to vigorously prosecuting this action on their behalf. Plaintiffs will fairly and adequately represent and protect the interests of the other class members.

23. **Adequacy of Class Counsel:** Plaintiffs' counsel is adequate class counsel in that they have no known conflicts of interest with Plaintiffs or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiffs and absent class members.

24. **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to prosecute their common claims simultaneously and efficiently in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

25. Plaintiff RASHAD LAKESHORE worked for Defendants as an hourly, non-exempt employee from approximately March 30, 2024 through February 25, 2025.

26. Plaintiff DANIEL SHERMAN worked for Defendants as an hourly, non-exempt employee from approximately December 13, 2023 to February 27, 2025.

27. Plaintiff JOHN WOODLEY worked for Defendants as an hourly, non-exempt employee from approximately January 1, 2019 to February 27, 2025.

28. Plaintiffs were employed as Truck Drivers who completed interstate deliveries, driving from California to states including, but not limited to, Arizona, Colorado, Idaho, Nevada New Mexico, Texas, and Utah.

29. Plaintiffs transported products, including frozen and canned goods, to restaurants across these states and made regular stops at distribution facilities during their assigned routes.

**Clock In Process**

30. Plaintiffs and the putative class were trained to clock in using Defendants' time clock devices. It generally took approximately five to ten minutes for the system to complete the entire boot up cycle and for Plaintiffs and the putative class to complete the login process.

31. The entire time spent booting up the computer and entering the login credentials would not be accurately recorded and therefore resulted in Plaintiff and the putative class not being paid for all hours worked while waiting for the computer to boot up.

32. Accordingly, by the time Plaintiff and the putative class were able to clock in, five minutes or more may have already passed. This time was not properly recorded as time worked and resulted in Plaintiff and the putative class not being paid for all hours worked by Defendants.

**Off-the-Clock Work**

33. Plaintiffs and the putative class were not paid all wages earned as Defendants directed, permitted, or otherwise encouraged Plaintiffs and the putative class to perform off-the-clock work.

34. Plaintiffs and the putative class regularly performed work after their scheduled work hours and were not paid for this time. Plaintiffs and the putative class were required to complete job duties such as relocating trucks after they had already clocked out and were not paid for the time spent performing these additional duties. Completing job duties after clocking out could take an

additional five to fifteen minutes.

35. Plaintiffs were directed on several instances by dispatch to assist them in moving and loading trailers after he had already clocked out. Plaintiffs performed this off-the-clock work because there were no other employees on site to complete the task for dispatch.

36. In addition, Plaintiffs and the putative class were required to perform mandatory pre-trip inspections of their trucks before clocking in. These inspections included, but were not limited to, checking fluid levels, tire pressure, lights, brake functionality, suspension systems, and the fifth wheel. Plaintiffs and the putative class were likewise required to perform post-trip inspections involving the same tasks. These pre-and-post inspections could take up to fifteen (15) minutes off-the-clock prior to clocking in. Therefore, Defendants failed to record, pay for, or otherwise compensate Plaintiffs and the putative class for the time spent performing this required work.

37. Defendants knew or should have known that Plaintiffs and the putative class were performing work before and after their scheduled work shifts and failed to pay Plaintiffs and the putative class for these hours.

38. Defendants were aware of this practice and directed, permitted, or otherwise encouraged Plaintiffs and the putative class to perform off-the-clock work.

39. As a result of Defendants' policies and practices, Plaintiffs and the putative class were not paid for all hours worked.

**Expense Reimbursement**

40. Plaintiffs and the putative class members were required to utilize their own personal cell phones and vehicles to perform their job duties.

41. Plaintiffs and the putative class members were not reimbursed for business expenses incurred in using their personal cell phones to clock in and out, access GPS applications, and communicate with dispatch and upper management on a daily basis.

42. Plaintiffs and the putative class members were not reimbursed for business expenses incurred in driving their personal vehicles between job sites during their shifts.

43. Defendants failed to reimburse Plaintiffs and the putative class for such necessary business expenses incurred by them.

**Wage Statements**

44. Plaintiffs and the putative class were not provided with accurate wage statements as mandated by law pursuant to Labor Code § 226.

45. Defendants failed to comply with Labor Code 0167 226(a)(1) as "gross wages earned" were not accurately reflected in that all hours worked, including overtime and "off-the-clock" work were not included.

46. Defendants failed to comply with Labor Code section 226(a)(2) as "total hours worked by the employee" were not accurately reflected in that all hours worked, including overtime and "off-the-clock" work were not included.

47. Defendants failed to comply with Labor Code section 226(a)(5) as "net wages earned" were not accurately reflected in that all hours worked, including overtime and "off-the-clock" work were not included.

48. Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee" were not accurately reflected in that all hours worked, including overtime and "off-the-clock" work were not included.

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY HOURLY AND OVERTIME WAGES**

**(Lab. Code §§ 223, 510, 1194, 1197 and 1198)**

**(Plaintiffs and Hourly Employee Class)**

49. Plaintiffs incorporate the preceding paragraphs as if fully alleged herein.

50. At all relevant times, Plaintiffs and **Hourly Employee Class** members are or have been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the applicable Wage Order.

51. Section 2 of the applicable Wage Order defines "hours worked" as "the time during which an employee is subject to the control of the employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

52. Section 4 of the applicable Wage Order requires an employer to pay non-exempt

employees at least the minimum wage set forth therein for all hours worked, which consists of all hours that an employer has actual or constructive knowledge that employees are working.

53. Labor Code § 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Order.

54. Labor Code § 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

55. Labor Code § 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Order for all hours worked during a payroll period.

56. Labor Code § 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent, or employee of another person to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

57. Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the applicable Wage Order.

58. Labor Code § 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

59. Labor Code § 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

60. Labor Code § 510 and § 3 of the applicable Wage Order require employers to pay non-exempt employees overtime wages of no less than one and one-half times the employees' respective regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and for the first eight hours worked on the seventh consecutive day of one workweek.

61. Labor Code § 510 and § 3 of the applicable Wage Order also require employers to

pay non-exempt employees overtime wages of no less than two times the employees' respective regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours worked in excess of eight hours on a seventh consecutive workday during the workweek.

62. Plaintiffs are informed and believe that, at all relevant times, Defendants have applied centrally devised policies and practices to them and **Hourly Employee Class** members with respect to working conditions and compensation arrangements.

63. At all relevant times, Defendants failed to pay hourly wages to Plaintiffs and **Hourly Employee Class** members for all time worked, including but not limited to, overtime hours at statutory and/or agreed rates.

64. Section 9 of the applicable Wage Order states:

> "When uniforms are required by the employer to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer. The term 'uniform' includes wearing apparel and accessories of distinctive design or color."

65. If the employer does not choose to maintain employees' uniforms itself where it is required to do so, the Division of Labor Standards Enforcement ("DLSE") takes the position that the employer may pay each affected employee a weekly maintenance allowance of an hour's pay at the state minimum wage rate in lieu of maintaining the uniforms, assuming that an hour is a realistic estimate of the time involved in maintaining the uniform.

66. At all relevant times during the applicable limitations period, and in violation of the above-referenced sections of the Labor Code and the applicable Wage Order, Defendants failed to compensate Plaintiff with minimum and/or overtime wages for all hours she worked as a result of its failure to maintain employee uniforms or pay her a weekly maintenance allowance.

67. Plaintiff is informed and believes that, at all relevant times and in violation of the above-referenced sections of the Labor Code and the applicable Wage Order, Defendants failed to compensate **Hourly Employee Class** members with minimum and/or overtime wages for all hours they worked as a result of its failures to maintain employee uniforms or pay them a weekly maintenance allowance.

68. During the relevant time period, Defendants failed to pay Plaintiffs and **Hourly**

**Employee Class** members all earned wages every pay period at the correct rates, including overtime rates, because Defendants directed, permitted, or otherwise encouraged Plaintiffs and **Hourly Employee Class** members to perform off-the-clock work.

69. As a result of Defendants' unlawful conduct, Plaintiffs and **Hourly Employee Class** members have suffered damages in an amount subject to proof, to the extent they were not paid the full amount of wages earned during each pay period during the applicable limitations period, including overtime wages.

70. Pursuant to Labor Code §§ 204, 218.6, 223, 510, 1194 and 1194.2, Plaintiffs, on behalf of themselves and **Hourly Employee Class** members, seeks to recover unpaid straight time and overtime wages, interest thereon, and costs of suit.

71. Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiffs, on behalf of themselves and **Hourly Employee Class** members, seeks to recover reasonable attorneys' fees.

## <u>SECOND CAUSE OF ACTION</u>

## FAILURE TO INDEMNIFY

**(Lab. Code § 2802)**

**(Plaintiffs and Expense Reimbursement Class)**

72. Plaintiffs incorporates the preceding paragraphs as if fully alleged herein.

73. Labor Code section 2802(a) states:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

74. At all relevant times during the applicable limitations period, Plaintiffs and the **Expense Reimbursement Class** members incurred necessary business-related expenses and costs, including but not limited to, gas and mileage, personal cell phone usage, and uniform maintenance.

75. Plaintiffs are informed and believe and thereupon allege that the reimbursement paid by Defendants was insufficient to indemnify Plaintiffs for all necessary expenses incurred in the discharge of their duties.

76. Pursuant to Labor Code § 452, an employer is authorized to prescribe the weight, color, quality, texture, style, form, and make of uniforms required to be worn by their employees.

77. Section 9 of the applicable Wage Order states:

> When uniforms are required by the employer to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer. The term 'uniform' includes wearing apparel and accessories of distinctive design or color.

78. Plaintiffs are informed and believe and thereupon allege that the reimbursement paid by Defendants was insufficient to indemnify **Expense Reimbursement Class** members for all necessary business expenses incurred in the discharge of their duties.

79. At all relevant times during the applicable limitations period, Defendants required Plaintiffs and the **Expense Reimbursement Class** members to pay for expenses and/or losses caused by Defendants' want of ordinary care. Defendants failed to indemnify Plaintiffs and **Expense Reimbursement Class** members for all such expenditures.

80. At all relevant times during the applicable limitations period, Defendants required Plaintiffs and **Expense Reimbursement Class** members to purchase and maintain uniforms and apparel unique to Defendants at Plaintiffs' and **Expense Reimbursement Class** members' expense. Defendants failed to indemnify Plaintiffs and **Expense Reimbursement Class** members for all such expenditures.

81. Plaintiffs are informed and believe that, during the applicable limitations period, Defendants maintained a policy or practice of not reimbursing Plaintiffs and **Expense Reimbursement Class** members for all necessary business expenses.

82. Accordingly, Plaintiffs and **Expense Reimbursement Class** members are entitled to restitution for all unpaid amounts due and owing within four years of the date of the filing of the original Complaint and until the date of entry of judgment.

83. Plaintiffs, on behalf of themselves , and **Expense Reimbursement Class** members, seek interest thereon and costs pursuant to Labor Code § 218.6 and reasonable attorneys' fees pursuant to Code of Civil Procedure § 1021.5.

///

**THIRD CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS**

**(Lab. Code § 226)**

**(Plaintiffs and Wage Statement Penalties Sub-Class)**

84. Plaintiffs incorporates the preceding paragraphs as if fully alleged herein.

85. Labor Code § 226(a) states:

> An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision.

86. The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize the "detachable part of the check" provision and the "accurate itemized statement in writing" provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each employee retains the right to elect to receive a written paper stub or record and that those who are provided with electronic wage statements retain the ability to easily access the information and convert the electronic statements into hard copies at no expense to the employee. (DLSE Opinion Letter July 6, 2006.)

87. Plaintiffs are informed and believe that, at all relevant times during the applicable limitations period, Defendants have failed to provide **Wage Statement Penalties Sub-Class**

members with written wage statements as described above.

88. Plaintiffs are informed and believe that Defendants' failure to provide them and **Wage Statement Penalties Sub-Class** members with accurate written wage statements were intentional in that Defendants had the ability to provide them with accurate wage statements but had intentionally provided them with written wage statements that Defendants knew do not comply with Labor Code § 226(a).

89. Plaintiffs and **Wage Statement Penalties Sub-Class** members have suffered injuries, in that Defendants have violated Plaintiffs' and **Wage Statement Penalties Sub-Class** members' legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned. In addition, inaccurate information on their wage statements have prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to federal and state government agencies.

90. Pursuant to Labor Code § 226(e), Plaintiffs, on behalf of themselves and **Wage Statement Penalties Sub-Class** members, seeks the greater of actual damages or fifty dollars ($50.00) for the initial pay period in which a violation of Labor Code section 226(a) occurred and one hundred dollars ($100.00) for each subsequent pay period in which a violation of Labor Code § 226(a) occurred, not to exceed an aggregate penalty of four thousand dollars ($4,000.00) per class member.

91. Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiffs, on behalf of themselves and **Wage Statement Penalties Sub-Class** members, seek awards of reasonable attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

## FAILURE TO TIMELY PAY ALL FINAL WAGES

**(Lab. Code §§ 201–203)**

**(Plaintiffs and Waiting Time Penalties Sub-Class)**

92. Plaintiffs incorporate the preceding paragraphs as if fully alleged herein.

93. At all relevant times, Plaintiffs and **Waiting Time Penalties Sub-Class** members have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

94. At all relevant times, pursuant to Labor Code § 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

95. At all relevant times, pursuant to Labor Code § 202, employees who have resigned after giving at least seventy-two (72) hours' notice of resignation have been entitled to payment of all final wages at the time of resignation.

96. At all relevant times, pursuant to Labor Code § 202, employees who have resigned after giving less than seventy-two (72) hours' notice of resignation have been entitled to payment of all final wages within seventy-two (72) hours' of giving notice of resignation.

97. During the applicable limitations period, Defendants failed to pay Plaintiffs all of their final wages in accordance with the Labor Code by failing to timely pay them all of their final wages.

98. Plaintiffs are informed and believe that, at all relevant times during the applicable limitations period, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class** members all of their final wages in accordance with the Labor Code.

99. Plaintiffs are informed and believe that, at all relevant times during the applicable limitations period, Defendants have maintained a policy or practice of paying **Waiting Time Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code §§ 201 or 202 by failing to timely pay them all final wages.

100. Plaintiffs are informed and believe and thereupon alleges that Defendants' failure to timely pay all final wages to them and **Waiting Time Penalties Sub-Class** members have been willful in that Defendants have the ability to pay final wages in accordance with Labor Code §§ 201 and/or 202 but have intentionally adopted policies or practices that are incompatible with those requirements.

101. Pursuant to Labor Code §§ 203 and 218.6, Plaintiffs, on behalf of themselves and **Waiting Time Penalties Sub-Class** members, seeks waiting time penalties from the respective

dates that their final wages had first become due until paid, up to a maximum of thirty days, and interest thereon.

102. Pursuant to Labor Code § 226, Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiffs, on behalf of themselves and **Waiting Time Penalties Sub-Class** members, seek awards of reasonable attorneys' fees and costs.

**FIFTH CAUSE OF ACTION**

**UNFAIR COMPETITION**

**(Bus. & Prof. Code §§ 17200 *et seq*.)**

**(Plaintiffs and UCL Class)**

103. Plaintiffs incorporate the preceding paragraphs as if fully alleged herein.

104. Business and Professions Code § 17200 defines "unfair competition" to include any unlawful business practice.

105. Business and Professions Code §§ 17203–17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure § 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

106. California law requires employers to pay hourly, non-exempt employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonably should know that employees have worked.

107. Plaintiffs, on behalf of themselves and the **UCL Class** members, re-alleges and incorporates the FIRST, SECOND, THIRD, FOURTH, FIFTH, and SIXTH causes of action herein.

108. Plaintiffs lost money and/or property as a result of the aforementioned unfair competition.

109. Defendants have or may have acquired money by means of unfair competition.

110. Plaintiffs are informed and believe and thereupon alleges that, by committing the Labor Code violations described in this Complaint, Defendants violated Labor Code §§ 215, 216, 225, 226.6, 354, 408, 553, 1175, 1199 and 2802. Defendants thus committed misdemeanors by violating the Labor Code as alleged herein.

111. Defendants have committed criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligations as an employer to: pay non-exempt employees for all hours worked; reimburse them for all necessary business-related expenses; provide accurate written wage statements; and timely pay all final wages.

112. At all relevant times, Plaintiffs and **UCL Class** members have been non-exempt employees and entitled to the full protections of both the Labor Code and the applicable Wage Order.

113. Defendants' unlawful conduct as alleged in this Complaint amounts to and constitutes unfair competition within the meaning of Business and Professions Code section 17200 *et sequitur*. Business and Professions Code §§ 17200 *et sequitur* protect against unfair competition and allow a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful, or fraudulent business practice to seek restitution on behalf of themselves and on behalf of similarly situated persons in a class-action proceeding.

114. As a result of Defendants' violations of the Labor Code during the applicable limitations period, Plaintiffs have suffered an injury-in-fact and has lost money or property in the form of earned wages. Specifically, Plaintiffs have lost money or property as a result of Defendants' conduct.

115. Plaintiffs are informed and believe that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants.

116. Due to the unfair and unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their legal obligations.

117. California's Unfair Competition Law ("UCL") permits civil recovery for "any unlawful, unfair or fraudulent business act or practice," including a practice or act that violates, or is considered unlawful under, any other state or federal law.

118. Pursuant to Business and Professions Code § 17203, Plaintiffs, on behalf of themselves and **UCL Class** members, seeks declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its

unlawful and unfair business practices.

119. Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiffs and **UCL Class** members are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

**SIXTH CAUSE OF ACTION**

**CIVIL PENALTIES**

**(Lab. Code §§ 2698 *et seq*.)**

120. Plaintiffs incorporate the preceding paragraphs as if fully alleged herein.

121. During the applicable limitations period, Defendants have violated Labor Code §§ 201, 202, 203, 204, 223, 226(a), 226.7, 510, 512, 1194, 1197, 1198, and 2802.

122. Labor Code §§ 2699(a) and (g) authorize an aggrieved employee, on behalf of themselves and other current and former employees, to bring a representative civil action to recover civil penalties pursuant to the procedures set forth in Labor Code § 2699.3 that may, but need not, be brought or maintained as a class action pursuant to Code of Civil Procedure section 382.

123. Plaintiffs, former employees against whom Defendants committed one or more of the alleged Labor Code violations during the applicable limitations period, are aggrieved employees within the meaning of Labor Code § 2699(c).

124. Plaintiffs have complied with the procedures for bringing suit specified in Labor Code § 2699.3. Notice was provided to the California Labor & Workforce Development Agency ("LWDA") and 65 days have elapsed without the LWDA providing Plaintiffs with any notice of an intent to investigate.

125. Pursuant to Labor Code sections 2699(a) and (f), Plaintiffs seeks the following civil penalties for Defendants' violations of Labor Code §§ 201, 202, 203, 204, 223, 226(a), 226.7, 510, 512, 1194, 1197, 1198 and 2802:

i. For violations of Labor Code §§ 201, 202, 203, 212, 226.7, 1194, 1198 and 2802, one hundred dollars ($100) for each employee per pay period for each initial violation and two hundred dollars ($200) for each employee per pay period for each subsequent violation (penalties set by Labor Code §

2699(f)(2));

ii. For violations of Labor Code § 203, a penalty in an amount not exceeding thirty (30) days' pay as waiting time (penalties set by Labor Code § 256);

iii. For violations of Labor Code § 204, one hundred dollars ($100) for each employee for each initial violation that was neither willful nor intentional, two hundred dollars ($200) for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and two hundred dollars ($200) for each employee, plus twenty-five percent (25%) of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code § 210);

iv. For violations of Labor Code § 223, one hundred dollars ($100) for each employee for each initial violation that was neither willful nor intentional, two hundred dollars ($200) for each employee, plus twenty-five percent (25%) of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and two hundred dollars ($200) for each employee, plus twenty-five percent (25%) of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code § 225.5);

v. For violations of Labor Code § 226(a), if this action is deemed to be an initial citation, two hundred and fifty dollars ($250) for each employee for each violation. Alternatively, if an initial citation or its equivalent occurred before the filing of this action, one thousand dollars ($1,000) for each employee for each violation (penalties set by Labor Code § 226.3);

vi. For violation of Labor Code §§ 510 and 512, fifty dollars ($50) for each employee for each initial pay period for which the employee was underpaid,

and one hundred dollars ($100) for each employee for each subsequent pay period for which the employee was underpaid (penalties set by Labor Code § 558);

vii. For violations of Labor Code § 1197, one hundred dollars ($100) for each aggrieved employee for each initial violation of Labor Code § 1197 that was intentional and two hundred and fifty dollars ($250) for each aggrieved employee per pay period for each subsequent violation of Labor Code § 1197, regardless of whether the initial violation was intentional (penalties set by Labor Code § 1197.1);

viii. Pursuant to Labor Code § 2699(g), Plaintiffs seeks an award of reasonable attorneys' fees and costs in connection with Plaintiffs' claims for civil penalties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, all other current and former non-exempt employees, and the general public, pray for relief and judgment against Defendants as follows:

(1) An order that the action be certified as a class action;

(2) An order that Plaintiffs be appointed class representative;

(3) An order that counsel for Plaintiffs be appointed class counsel;

(4) Unpaid wages;

(5) Actual damages;

(6) Liquidated damages;

(7) Restitution;

(8) Pre-judgment interest;

(9) Statutory penalties;

(10) Civil penalties;

(11) Costs of suit;

(12) Reasonable attorneys' fees; and

(13) Such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs, on behalf of themselves, all other current and former non-exempt employees, and the general public, hereby demand a jury trial on all issues so triable.

Dated: September 23, 2026 SETAREH LAW GROUP

*/s/ Farrah Grant*
SHAUN SETAREH
THOMAS SEGAL
FARRAH GRANT
Attorneys for Plaintiffs
RASHAD LAKESHORE
DANIEL SHERMAN
JOHN WOODLEY